14984

WEST *ET AL.* v. JENNINGS

(6 S. E. (2d), 263)

*Messrs. L. D. Jennings* and *A. S. Merrimon,* for appellant,

*Messrs. Clark & Edmunds,* for respondents,

December 13, 1939.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

On July 31, 1937, an action in claim and delivery was commenced in the magistrate's Court for Sumter County, wherein the respondents here were plaintiffs, the defendants being L. R. Nunn, C. A. Lowder and one Ford automobile. A replevin bond was thereafter executed by Lowder, as principal, and by Mary K. Jennings (appellant), as surety. Upon the filing of this bond the car was released to Lowder, and shortly thereafter it was traded or sold by him to a third party. The replevin bond was conditioned "for the delivery of the said property to the plaintiffs, if such delivery shall be adjudged, and for the payment to them of such sum as may in this action for any cause be recovered against the defendant, C. A. Lowder."

The cause was tried by the magistrate without a jury, on January 27, 1938, and resulted in a judgment for plaintiffs (respondents) "for the possession of the car in question, or for the sum of $150.00, the value thereof, in case de-

livery cannot be had." It appears from the record that when the judgment was rendered by. the magistrate on January 27, the amount of the value of the property was left blank and was thereafter, by agreement of counsel for both sides, fixed by the magistrate at $150.00 and then inserted in the judgment. Defendants then gave notice of their intention to appeal from the judgment. There is much discussion in the record as to when the magistrate's judgment was completed. Appellant contends that the value of the property was fixed and the amount inserted in the judgment some time after February 11. Respondents say that this occurred previous to that date. The "statement" as prepared by the trial Judge fixes January 31, as the date when the verdict was thus completed.

On February 5, defendants' counsel served on counsel for plaintiffs a written notice advising of their readiness to deliver the Ford car in satisfaction of the judgment, along with a further notification in writing of the abandonment of the appeal. This offer was rejected, and later, on February 22, a physical tender of the car was made. This tender was also refused. In the meantime, on February 19, the present action was commenced against the appellant as surety on the replevin bond, alleging a breach of the bond, and demanding judgment against the appellant in the sum of $150.00 and interest.

The cause came on for trial before Judge Dennis and a jury on April 12, 1939. After respondents had rested appellant moved for a nonsuit upon the ground:

" * * * that no breach of the condition of the bond sued on has been shown, in that,

"1. On the contrary the proof is that the car was tendered to the plaintiffs or to the plaintiffs' agent and attorney, in compliance with the verdict and judgment of the Magistrate's Court.

"2. On the ground that the value of the car was fixed by that judgment.

"3. That there is no proof that there was any deterioration in that value from the time the verdict was rendered to the time the tender was made."

Both sides, after all the evidence was in, moved for a direction of the verdict. Appellant's motion was based on the ground:

" * * * that there is no proof of the breach of the conditions of the bond set up in the complaint, but that on the contrary the proof is that the automobile in question was, after the judgment rendered by the Magistrate's Court, tendered to the plaintiff in compliance with and satisfaction of the judgment, the evidence showing that the value of the car at the time of the giving of the bond and at the time of the rendition of the judgment was $150.00, and that the value of the car had not changed, but its condition was the same at the time of the rendition of the judgment and at the time of its tender to the plaintiff."

The motion of respondents was as follows:

"1. That both of the alleged tenders were invalid, the first tender was invalid because the defendant was not in possession of the car, nor was she the owner of the car at the time of the first tender. The second tender was invalid because it was made after the suit had commenced, and it was proved that the value of the car was practically nothing at the time of the tender.

"2. That the defendant is estopped from tendering this car because the actions of the principal bind the surety, and when this principal disposed of this car and did not appear in Court and did not have the car in Court, * * * and when this car had been disposed of and was not in the possession of the defendant at the time of the ending of the verdict, * * * They have deprived us of the right of seeing this car and determining its value."

The motion of respondents was granted, and the verdict was directed in their favor for $150.00. The appellant then moved for a new trial before the presiding Judge, who in an order dated May 29, 1939, held:

"As above stated, I directed a verdict in favor of the plaintiff for $150, but after full consideration of the matter I have concluded that the car tendered should be accepted as a part of the settlement; that is to say, that instead of giving the plaintiff a verdict for $150, I should have given the plaintiff a verdict for $125 and the car.

"It is therefore ordered that if the plaintiff accepts the car and remits $25 on the judgment for $150, leaving a balance on the money judgment of $125 within ten days after the filing of this order, then a new trial is refused. If the plaintiff declines to remit on the judgment in the sum of $25 and accept the car, then a new trial is granted."

Section 558 of the 1932 Code, permitting the giving of a redelivery bond, as amended by the Act approved April 9, 1937, 40 Stat. at Large, p. 205, provides for the inclusion, as one of the conditions thereof, for the payment of "damages suffered on account of depreciation in value of the property pending the determination of the action."

The respondents were precluded in this action from raising any issue concerning depreciation in value previous to the date of the magistrate's judgment. The value was, with their consent, fixed by the magistrate at $150.00. They were thereafter at all times bound not only by the finality of the magistrate's adjudication of the particular issue, but by their own agreement as well. Of necessity it follows that the trial Judge was in error in admitting evidence, over the objection of appellant, showing a different value prior to the time of the rendition of judgment in the magistrate's Court.

The only duty which devolved upon the appellant or her principal under the requirements of the magistrate's judgment was to return the property within a reasonable time and in substantially the same condition it was in at the time of the trial, or in the alternative, to pay the amount of its value as fixed by the judgment.

There is no evidence in the record tending to show that when the automobile was tendered by appellant its value was substantially less than at the time of the trial. This being true, it follows that the condition of the bond was fully complied with by the tender within a reasonable time thereafter.

The respondents in their argument contend that the sale of the automobile by the defendant Lowder, following the filing of the redelivery bond, constituted a breach of the condition thereof. Upon this argument they in effect predicate the further contention that upon such breach occurring, liability immediately accrued against the appellant and that this liability could not be subsequently discharged by a subsequent tender of performance.

As we have said the rule in this jurisdiction, so far as a return of the property is concerned, is that the responsibility of a surety upon the redelivery bond in replevin is limited to a delivery of the property within a reasonable time, in substantially the same condition it was in at the time of the judgment.

Even if a previous sale of the property may be considered a breach of the condition of the bond, it would amount to no more than a technical breach, and it could not be said that any substantial right of the respondents was invalid if the property was later repurchased and then tendered under conditions which fully complied with the rule above stated.

The trial Judge was therefore in error in overruling appellant's motion for a nonsuit, and in later refusing her motion for a directed verdict.

It is the judgment of this Court that the judgment of the Circuit Court is reversed, and that the cause is remanded to the Circuit Court for the entry of judgment for appellant under Rule 27.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.