18022

COMMERCIAL CREDIT CORPORATION, Respondent, v. Frances M. McADAMS, W. C. Dority and Ruth T. Singleton, Appellants

(129 S. E. (2d) 429)

*M. L. Meadors, Esq.,* of Florence, *for Appellants,*

*Messrs. Willcox, Hardee, Houck, Palmer & O'Farrell* and *Wright, Scott, Blackwell & Powers,* of Florence, *for Respondent,*

February 7, 1963.

BUSSEY, Justice.

Commercial Credit Corporation (hereinafter referred to simply as Commercial) was the holder of a chattel mortgage over a certain automobile sold by Griffin Motors, Inc., to one Sara E. M. Smith. Commercial, alleging a breach of the terms of the chattel mortgage, instituted a claim and delivery proceeding against the said Smith to recover the automobile or its value, and the defendants in this action

became the sureties on Smith's redelivery bond in that proceeding.

In that case, Commercial recovered judgment for the possession of the automobile, or in the event possession could not be had, the sum of twenty-five hundred dollars, which was found to be the value thereof at the time of its redelivery to Smith. Pursuant to this judgment the automobile was thereafter delivered to Commercial. Subsequently, Commercial, after selling the automobile at auction, proceeded without notice to Smith or her sureties to obtain an order for a judgment against the said Smith in the same action for a deficiency in the amount of $1,150.76, which amount was paid to Commercial Credit Corporation by Griffin Motors, Inc. as guarantor of the chattel mortgage, by virtue of which fact Griffin Motors, Inc., was, by order of court, made a party plaintiff in this action. There was no appeal from either of the judgments in the original action.

In the instant action, Commercial sought to recover the amount of the aforesaid deficiency from the sureties on Smith's bond, but in its complaint alleged, *inter alia,* that the automobile received hard, continuous and damaging use and depreciated in value while it remained in possession of the said Smith by virtue of the redelivery bond executed by the defendants in this action.

The defendants, appellants here, answered denying that they were responsible for either the deficiency judgment or for any depreciation in the value of the automobile. They contended that, no damages for detention of the automobile by the defendant Smith, nor depreciation in the value thereof, having been recovered in the original action, the appellants were exonerated from liability on their bond upon delivery of the automobile to Commercial. Commercial then demurred to the answer of appellants and also moved to strike separately and as a whole each and every allegation of the answer as sham and frivolous.

The trial judge, after hearing, in a comprehensive order dated August 31, 1960, reviewed the somewhat unusual

course of the original action and considered all of the issues raised by the pleadings in the instant action. He correctly ruled that the sureties were not liable for the deficiency, but construed the complaint and held that it stated a cause of action for depreciation in the value of the automobile while it remained in the possession of the defendant in the original action pending the determination thereof. He further held that such depreciation as occurred, of necessity, had to be recovered in a subsequent action, rather than in the original action, since the depreciation, if any, could not be ascertained or proved until the plaintiff in the original action regained possession thereof. He overruled the demurrer to appellants' answer and refused to strike the answer as a whole and to give judgment on the pleadings, because the answer denied, as a matter of fact, that there was any appreciable depreciation. His order fully disposed of all issues raised by the pleadings, except the factual issue of whether there was any depreciation, and if so, how much. From this order there was no appeal.

Some months subsequently, the appellants made a motion to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, the grounds alleged in support of the motion being largely a rehash of issues already passed upon by the trial judge in his order of August 31, 1960, and the motion to dismiss was denied.

Upon the trial of the case, a verdict was directed for the plaintiffs for depreciation in the amount of seven hundred dollars, and for the sum of twenty-two dollars costs in the original action.

The exceptions are several, but some of them are addressed to points as to which the trial judge ruled in favor of the appellants. No exception questions the amount of the verdict or the absence of Smith as a party. In brief, the appellants contend first, that their obligation on the bond was fully discharged upon the surrender of possession

of the automobile; and second, that damages for depreciation in value of the property, if any, could have been asserted only in the original claim and delivery action, and that such is not recoverable in a subsequent action.

Both of these contentions were decided adversely to the appellants by the order of the trial court dated August 31, 1960, from which order there was no appeal, and, even if there be any question about the correctness of his order, it became the law of the case and is not now reviewable here.

The extent of liability of a surety on a defendant's re-delivery bond in a claim and delivery proceeding has been the subject of much litigation in this State, and appellants here cite excerpts from many of these decisions which tend to support their present contentions. However, with one exception, the decisions cited by appellants either antedate or are not at all concerned with the 1937 amendment (Act No. 159, Statutes at Large) to what is now Section 10-2510 of the Code. That amendment made a surety on a redelivery bond liable for "* * * damages suffered on account of depreciation in value of the property pending the determination of the action."

The only case cited or which has come to our attention which even mentions the 1937 amendment is that of *West v. Jennings*, 192 S .C. 225, 6 S. E. (2d) 263 (1939). The opinion in that case mentions, but does not construe, the amendment. There is broad language in the opinion which tends to support the first contention of the appellants here, but the facts of that case are clearly distinguishable. There, the value of an automobile was, with the consent of counsel, fixed at one hundred fifty dollars at the time of trial in magistrates court. This court held that such judgment, consented to, bound the parties as to the value; that under these circumstances, evidence showing a different value prior to the time of the rendition of the judgment was inadmissible in an action on the bond, and that the only duty which developed upon the surety in that case was to return the property with-

in a reasonable time and in substantially the same condition it was at the time of the trial, or, in the alternative, to pay the amount of its value as fixed by the judgment.

In the instant case the evidence and the judgment in the claim and delivery action were to the effect that the value of the automobile was twenty-five hundred dollars, at the time of the execution of the bond and its re-delivery to the defendant in that action, rather than its value at the later date of the trial. Hence, we think the decision in the *West case* is not at all controlling here.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.